**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHANE ARIK WHIPPLE**, <br><br> Plaintiff, <br><br> v. <br><br> **BRUCE DAVIS**, *et al.*, <br><br> Defendants. | Civil Action No. 25-16572 (ZNQ) (RLS) <br><br> **OPINION** |

**QURAISHI, District Judge**

      **THIS MATTER** comes before the Court upon an application to proceed in forma pauperis (ECF No.1-2, "IFP"), Motion to Appoint Pro Bono Counsel (ECF No. 2) and Motion for Temporary Restraining Order & Preliminary Injunction (ECF No. 3, together with Motion to Appoint Pro Bono Counsel, "Motions") filed by Plaintiff Shane Arik Whipple ("Plaintiff"). The Court herein reviews the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the IFP application will be **GRANTED**, the Complaint will be **DISMISSED WITHOUT PREJUDICE**, and the Motions will be **DENIED AS MOOT**.

**I.**      **BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff is currently incarcerated in New Jersey State Prison. He alleges that he "experienced a vast and complex set of illegal behaviors/treatment against" his rights, including "cruel and unusual punishment, equal protection, free exercise of religion [and] the establishment clause." (ECF No. 1 at 22.) The complaint contains a number of alleged incidents, all of which

appear to be generalized grievances or are conclusory in nature. (*See e.g.*, *id.* at 25 (allegation of mail being returned to Plaintiff for not having the requisite postage)).

## II. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over this matter based on 28 U.S.C. § 1331.

## III. LEGAL STANDARD

### A. IFP APPLICATIONS

To proceed in forma pauperis under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

### B. REVIEW PURSUANT TO 28 U.S.C. § 1915(e)

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to

dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe pro se pleadings less stringently than formal pleadings drafted by attorneys, pro se litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The general rules of pleading are set forth in Rule 8, which requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

## IV.   DISCUSSION

### A.   IFP SCREENING

Based on the information Plaintiff provided with respect to his financials, the Court finds it is appropriate to permit him to proceed IFP. Accordingly, the Court will **GRANT** Plaintiff's IFP application.

### B.     COMPLAINT SCREENING

For a complaint to survive a motion to dismiss, it must do more than allege generalized grievances and make conclusory allegations. *See Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (holding that conclusory allegations are insufficient to satisfy Rule 8). Moreover, a district court can dismiss a complaint that is "excessively prolix and overlong." *Id.* at 93. Rule 8 also requires the complaint to be "plain." *Id.* A "plain" statement is one that "identifies discrete defendants and the actions taken by these defendants," and cannot be "so vague or ambiguous that a defendant cannot reasonably be expected to respond to it." *Id.* (citations modified). Of course, pro se plaintiffs are given more flexibility, and a district court cannot dismiss a pro se complaint just because it is "vague, repetitious, or contains extraneous information." *Id.* at 94. Generally, a pro se complaint's language will be "plain if it presents cognizable legal claims to which a defendant can respond on the merits." *Id.* (citation modified).

Here, Plaintiff fails to meet these burdens. His complaint lists 14 different claims, but these allegations are either too conclusory to state a claim for relief or consist of generalized grievances that cannot provide Plaintiff with a claim for relief. *See Kaplan v.* Morano, Civ. No. 15-1924, 2017 WL 46584, at *3 (D.N.J. Feb. 2, 2017). For example, Plaintiff alleges that prison officials conducted a "terroristic repression/suppression" of Plaintiff's spiritual observances but has not provided details about how this occurred. (ECF No. 1 at 24.) Although Plaintiff has discussed an issue about his religious observances in Exhibit 1 (ECF No.1-1 at 2), those allegations appear to be from 2020 and fall outside the two-years statute of limitations for section 1983 claims. *See Exantus v. Callahan*, Civ. No. 25-13569, 2025 WL 2331434, at *1 (D.N.J. Aug. 13, 2025). Plaintiff's other claims fail for similar reasons. Indeed, his allegations of sexual assault and retaliation are conclusory in nature and do not provide the Court with enough details to survive a

motion to dismiss. Although Plaintiff has provided the Court with a lengthy recitation of facts, it is not clear to the Court how those allegations relate to his claims. (*See, e.g.*, ECF No. 1-1 at 8 (discussion of Plaintiff showing a Muslim inmate his books and tattoo)). For these reasons, the Court will dismiss the Complaint but will afford Plaintiff leave to amend so that he may allege sufficient facts to state a claim for relief and explain how the conduct at issue is not barred by the statute of limitations.

## V.    CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP application and **DISMISS** his Complaint **WITHOUT PREJUDICE**. Plaintiff will be given leave to file an Amended Complaint within 30 days. If he does not file an Amended Complaint within that time, or the Amended Complaint does not resolve the deficiencies identified herein, this matter may be dismissed with prejudice. Finally, Plaintiff's Motion to Appoint Pro Bono Counsel and Motion for a Temporary Restraining Order and Preliminary Injunction will be **DENIED AS MOOT**.

Date: October 17, 2025

                                                                s/ Zahid N. Quraishi
                                                                **ZAHID N. QURAISHI**
                                                                **UNITED STATES DISTRICT JUDGE**